PEOPLE, PLAINTIFF AND APPELLEE, *v.* PÉREZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in a Prosecution for Conspiracy.

No. 1392.—Decided July 24, 1919.

CONSPIRACY—INFORMATION—MENS REA.—Ordinarily, words charging malice, intent, or *mens rea* are insufficient to add other facts to an information beyond

such *mens rea,* and an information which merely charges that two persons combined to appropriate to themselves a certain sum of money, without setting up any acts of conspiracy, is insufficient.

ID.—EVIDENCE.—If in a prosecution for conspiracy to defraud the government of a sum of money the evidence is all circumstantial and tends only to show that either one defendant or the other may be guilty, the possibility that either or both may be guilty does not prove the conspiracy.

The facts are stated in the opinion.

*Messrs. Carlos Travecier* and *Juan B. Huyke* for the appellant.

*Mr. Salvador Mestre, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The information in substance charged a conspiracy inasmuch as José Manuel Pérez, after preparing false vouchers to the effect that certain laborers had done work which in fact they had not done, presented said vouchers to the municipal auditor; and that José Manuel Pérez and José González combined to execute the foregoing acts in order to obtain mutual benefits with the intent that the municipal treasurer should issue a check for the fraudulent amount, which was cashed by José González who in union with José Manuel Pérez appropriated $7.20 of the proceeds thereof belonging to the municipality.

We are extremely doubtful whether an offense of conspiracy is charged. Neither José Manuel Pérez nor José González is identified, nor does it appear why the auditor should issue a check at the instance of José Manuel Pérez; nor how José González could recover the amount of the check which does not, as far as the information goes, appear to be drawn to his order. Up to a certain point José Manuel Pérez appears to be acting alone and then José González is joined up to him, not by an averment of facts, but by the *fiscal's* conclusion of a common intent. Ordinarily words charging malice, intent or *mens rea* are insufficient to add other facts to an information beyond such *mens rea.* The only fact clearly charged is that the two defendants combined to appropriate $7.20 out of a check, presumably lawfully in the

hands of one or the other of them, the information not clearly disclosing which one. An information, which merely charges that two persons combined to appropriate $7.20 without setting up any facts of conspiracy, is insufficient.

However, no particular point is made on the insufficiency of the information, but the insufficiency of the proof is insisted on, a result that might be anticipated from this enforced effort to state a conspiracy by mere asseveration. It transpired in the proof that José Manuel Pérez was the mayor of Humacao and José González was the porter or concierge of the town-hall. There was proof tending to show that although it was the legal duty of the treasurer to pay workmen, yet on Saturday afternoons, by order of the mayor, a check signed by the treasurer was issued, apparently in blank, to another person, the concierge, whose duty it became, by order of the mayor, to pay the workmen. On this particular occasion there is no direct proof that the check was turned over to González or cashed by him, but there is proof of his paying some of the workmen, presumably out of the proceeds of the check. This check was for $38.55 of which only $31.35 was actually paid out, leaving $7.20 which was never paid to workmen doing municipal work and never returned to the treasury. A Government witness testified that González generally turned over to the mayor money not paid, but there is no proof that he made the delivery in this case. There is undoubted proof that the mayor prepared a voucher for $38.55, but the proof is scanty indeed that at the time he signed it he knew that some of it was not due. We may accept the fact that the money reached the hands of González, but that is all that we know. If he retained none of it, but turned it all over to the mayor, as intimated, there is no proof of a conspiracy or of any complicity on González' part. If the latter retained the whole sum himself, then the intervention of the mayor in this delictive act is not shown. The Government traced the money to González' hands and that is approximately all. That he was anything

but a person who did as he was told blindly, there is no proof. Suppose that, acting under orders, González turned over the money to the mayor and suspected or knew that the mayor would appropriate it. Where was the meeting of minds or the criminal intent of González? See *People* v. *Cofresí et al.*, 22 P. R. R. 696. The proof exists that the municipal treasurer also acted under orders of the mayor and turned over this money to the messenger or agent of the mayor. Everybody obeyed the mayor and a suspicion of guilt of González does not create the proof of combination that the criminal law requires. It is all circumstantial evidence which ought to point to only one conclusion, but several different conclusions may be drawn there. One that perhaps the porter is alone guilty. Another that the mayor is alone guilty. The possibility that either or both may be guilty does not prove the conspiracy.

The judgment must be reversed and the defendants discharged.

*Reversed.*

Justices del Toro, Aldrey and Hutchison concurred.

Chief Justice Hernández took no part in the decision of this case.